## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER NORMAN**<br><br>　　　　**Plaintiff,**<br><br>– Versus –<br><br>**EXXONMOBIL CORPORATION D/BA/**<br><br>**EXXONMOBIL CHEMICAL CORPORATION**<br><br>　　　　**Defendant** | **NUMBER:**<br><br>**JUDGE:**<br><br>**MAGISTRATE: JUDGE** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Christopher Norman, who respectfully represents:

### I. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201and 2202, and 42 U.S.C. §§ 1983, 1985, 1986, and 1988. This action is further instituted pursuant to the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Supplemental jurisdiction is invoked as to matters cognizable under the Constitution and laws of the state of Louisiana, particularly, but not exclusively, La. Civ. Code Ann. arts. 2315, 2316, and 2320.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## II. **PARTIES**

3. Plaintiff herein is Christopher Norman a person of full age of majority and domiciled in the city of Holden, Parish of Livingston, State of Louisiana.

4. Defendants herein are ExxonMobil Corporation d/b/a ExxonMobil Chemical Corporation", at all times relevant herein, is an entity authorized to do business in the State of Louisiana particularly East Baton Rouge Parish

## III. **FACTS**

5. Plaintiff, Christopher Norman, a black male at least 39 years of age was employed by ExxonMobil.

6. More than 30 days before the institution of this action, Mr. Norman filed a charge of discrimination (charge") with the Commission alleging violation of Title VII by ExxonMobil.

7. The Commission issued a right to sue letter dated February 2, 2023, without making any determination on the merits of the action.

7. Plaintiff has been subject to racially discriminatory harassment by ExxonMobil's failure to address the hostile working environment that Mr. Norman was subjected too.

8. Plaintiff due to the mistreatment and lack of concern resigned his employment with Exxon Mobil.

9. This Commission has found similar infractions concerning racial hostility and filed a case against ExxonMobil that is currently pending in this court bearing Docket No. 3:23-cv-00159.

### ***STATEMENT OF CLAIMS***

10. Plaintiff began his employment with the defendant in June 2014.

2

11. Plaintiff while attempting to do his employment responsibilities was subjected to a racial depiction of himself as a caricature of a stereotypical African American Male. The image was created by a black employee of ExxonMobil on or about April 17, 2022.

12. Later that day a white employee utilizing the racist image taped it on Mr. Norman's chair along with an oil pad and widely disseminated the image as a video recording transmitted via text message to other coworkers of the plaintiff.

13. ExxonMobil has engaged in unlawful activities due to the several instances of a noose being found on its property 5 times between April 2016 and December 2022.

14. The failure of ExxonMobil to address the use of the noose further led to the discriminatory and personalized attack upon the plaintiff.

15. ExxonMobil actions were malicious and dereliction as it failed to protect Mr. Norman from his federally secured rights are not discriminated against due to this race.

16. Plaintiff's lack of investigation and/or disciplinary action toward their employees that perpetrated this racially charged action towards the plaintiff became overwhelming to plaintiff and therefore resigned his employment on or about November 2022

17. The Supervisors while plaintiff was employed did not communication any resolution or proper investigation into this matter.

18. ExxonMobil was aware of the practices that were happening at their jobsite and did not do anything to remove any racial discrimination or hostile behavior.

19. ExxonMobil was in violation of La. R.S. 23:332 wherein it prevents discrimination because of the petitioner's hairstyle and utilized materials that were not in the defendant's work area to create an image that was racist in nature and transmitted to other individuals.

## V. **RELIEF**

WHEREFORE, Plaintiff prays that the Court:

A. Order ExxonMobil to make Mr. Norman whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

B. Order ExxonMobil to pay punitive damage for malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

C. Cost and reasonable attorneys' fees incurred with this lawsuit with interest thereon.

D. All order the Court deems necessary to prevent ExxonMobil from continuing this egregious behavior; and

E. Other damages and further relief, as this Court should find just and proper.

### JURY TRIAL DEMAND

The plaintiff requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

Dated; May 1, 2023

RESPECTFULLY SUBMITTED,

**LAW OFFICE OF CHARLES E. BRUMFIELD, JR.  LLC**

BY:   s/Charles E. Brumfield, Jr.
REV. CHARLES E. BRUMFIELD, JR. (31072)
P.O. BOX 314
Breaux Bridge, LA 70517
Telephone: 985-400-2185
Facsimile: 985-222-2609
E-mail: cbrumfield@cebjr.org
Attorney for Plaintiff