UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER NORMAN                                    CIVIL ACTION

VERSUS

EXXONMOBIL CORPORATION D/B/A
EXXONMOBIL CHEMICAL
CORPORATION                                           NO. 23-00330-BAJ-EWD

## RULING AND ORDER

This is an employment discrimination case. Plaintiff Christopher Norman, an African American man, alleges that while working for Defendant ExxonMobil Corporation in April 2022, he was "subjected to a racial depiction of himself as a caricature of a stereotypical African American Male," which "a white employee" taped to Plaintiff's chair, made a video recording of, and then "widely disseminated" to "other coworkers of the plaintiff." (Doc. 1 at ¶¶ 11–12). Now before the Court is Defendant's **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 6)**. Plaintiff opposes the motion. (Doc. 15). For the following reasons, Defendant's Motion will be granted in part.

I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges that he worked for Defendant and was "subject[ed] to racially discriminatory harassment" by Defendant's "failure to address the hostile working environment" and that he resigned "due to th[is] mistreatment and lack of concern." (Doc. 1 ¶¶ 7–8). Plaintiff alleges that on April 17, 2022, he was "subjected to a racial depiction of himself as a caricature of a stereotypical African American Male." (*Id.* at ¶ 7). He claims that a black employee created the image, and then a white employee

taped the image to Plaintiff's chair and "widely disseminated the image as a video recording" through text messages to Plaintiff's coworkers. (*Id.* at ¶ 8). Plaintiff also alleges that nooses have been found on Defendant's property "5 times between April 2016 and December 2022." (*Id.* at ¶ 8). Although Plaintiff admits in his response to Defendant's Motion to Dismiss that he "was not directly affected by the hanging of the noose[s]," (Doc. 15 at 2), Plaintiff alleges that "[t]he failure of ExxonMobil to address the use of the noose further led to the discriminatory and personalized attack upon the plaintiff," presumably referring to the caricature incident, (Doc. 1 ¶ 14).

Plaintiff sued Defendant on May 1, 2023, alleging violations of the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. §§ 1983, 1985, 1986, Title VII of the Civil Rights Act of 1964, La. R.S. 23:332, and La. Civ. Code arts. 2316, 2320, and 2315. (Doc. 1). On July 3, Defendant moved to dismiss all Plaintiff's claims for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)6). (Doc. 6). Plaintiff opposed the motion, but conceded he has no claims under 42 U.S.C. § 1983 or the U.S. Constitution. (Doc. 15 at 5). Those claims are accordingly dismissed with prejudice. In his opposition, Plaintiff also did not oppose or address Defendant's Motion with respect to his claims under 42 U.S.C. §§ 1985 and 1986 and La. Civ. Code arts. 2316 and 2320. (*See* Doc. 15). Plaintiff's failure to contest Defendant's motion on those claims constitutes abandonment, and those claims are dismissed with prejudice. *See Oliver v. Military Dep't*, 2023 WL 2700709, *10 (M.D. La. 2023) (finding that the plaintiff "abandoned several . . . claims by failing to address them in her Oppositions"); *Mayo v. Halliburton Co.*, 2010 WL 4366908, *5 (S.D. Tex. 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to

2

respond to defendants' motion to dismiss on that issue and therefore waived the argument); *Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019) (finding that plaintiff waived argument by failing to respond at motion to dismiss stage). This leaves Plaintiff's claims under Title VII, which provides redress for employees who have been subjected to a hostile work environment, La. Civ. Code art. 2315, Louisiana's general negligence statute, and La. R.S. 23:332, the Louisiana Employment Discrimination Law.

## II. LAW AND ANALYSIS

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

### A. Plaintiff's Hostile Work Environment Claim

To plead a hostile work environment claim, Plaintiff must allege that (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was because of his race; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012). "A hostile work environment claim . . . necessarily rests on an allegation that an employer has created 'a working environment heavily charged with . . . discrimination.'" *Raj v. La. State Univ.*, 714 F.3d 322, 330–31 (5th Cir. 2013).

"To affect a condition or privilege of employment, the harassment must be 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Stone v. La. Dept. of Revenue*, 590 F. App'x 332, 340 (5th Cir. 2014); *see also Alaniz v. Zamora-Quezada*, 591 F.3d 761, 771 (5th Cir. 2009) (holding that the workplace must be "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment" (quotation omitted)). "Simple teasing, . . . offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (citations omitted). Still, "[a]n egregious, yet isolated, incident can alter the terms, conditions, or privileges of employment and satisfy the fourth element necessary to constitute a hostile work environment." *Lauderdale v. Tex. Dept. of Crim. Justice, Institutional Div.*, 512 F.3d 157, 163 (5th

4

Cir. 2007); *see Woods v. Cantrell*, 29 F.4th 284, 285 (5th Cir. 2022) ("[A] single incident of harassment, if sufficiently severe, [can] give rise to a viable Title VII claim.") (citing *EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 400 (5th Cir. 2007)).

As a preliminary matter, the Court finds that Plaintiff's allegations regarding nooses found at his workplace cannot support his hostile work environment claim because he admits in his opposition to Defendant's Motion that he "was not directly affected" by these incidents. (Doc. 15 at 2). Leaving open the possibility that harassment of other workers could be relevant to a hostile work environment claim, Plaintiff here has failed to plausibly allege that the noose incidents affected any terms, conditions, or privileges of *his own* employment. Instead, Plaintiff merely makes the general allegation that the incidents "shows a lack of concern" on Defendant's part regarding racial harassment. (*Id.*). *See Hernandez*, 670 F.3d at 652 (acknowledging the lack of clarity regarding the relevance of harassment of other workers but emphasizing generally that harassment "must have affected 'a term, condition, or privilege' of the 'victim's' employment") (quoting *Septimus v. University of Houston*, 399 F.3d 601, 612 (5th Cir. 2005)).

Plaintiff's other allegation fares better. Plaintiff describes an incident in which a caricature of Plaintiff as a "stereotypical African American"[1] was placed in his workspace and then disseminated as a video via text messages to his coworkers. (Doc. 1 ¶¶ 11–12). Plaintiff further alleges that no action was taken by Defendant following

---

[1] This characterization offers little guidance as to the nature of the image. The Court has no doubt, however, that discovery will afford Plaintiff the opportunity to describe the image in greater detail.

5

this incident, and Plaintiff resigned as a result. (*Id.* ¶ 16). This single incident, although isolated, may be sufficiently severe for Plaintiff to state a claim for hostile work environment and survive Defendant's Motion to Dismiss.

Courts have addressed racist caricatures in the context of hostile work environment claims before. *See Jones v. Dallas Cnty.*, No. 3:11-CV-2153-D, 2014 WL 1632154, at *5 (N.D. Tex. Apr. 23, 2014); *Flowers v. Sessions*, No. 217CV118KSMTPJEFF, 2019 WL 1246199, at *4 (S.D. Miss. Mar. 18, 2019). But those cases, where the caricature incidents were ultimately found to be insufficiently severe, are distinguishable from the facts alleged here. Crucially, the racist caricatures in *Jones* and *Flowers* either did not depict the plaintiffs or questions remained as to whether the plaintiffs were depicted. *See Jones*, 2014 WL 1632154, at *5 ("[P]laintiffs do not allege that any plaintiff actually saw the caricature when it was posted [on a bulletin board] or that the caricature was directed at them."); *Flowers*, 2019 WL 1246199, at *4 ("Plaintiff assumed that the drawing [on a dry-erase board in the office] was supposed to be him[.]"). In contrast, the facts alleged here allow a reasonable inference that Plaintiff was the target of the caricature because he alleges that it was supposed to be him and because the drawing was placed in his own workspace, explicitly connecting him to it. (Doc. 1 ¶¶ 11–12). In *Flowers*, the plaintiff could only "assum[e]" that he was the target of the image. *Flowers*, 2019 WL 1246199, at *4. But the *Flowers* decision came at the summary judgment stage, when "unsubstantiated assertions" no longer sufficed. *Flowers*, 2019 WL 1246199, at *2. At the motion to dismiss stage, Plaintiff's complaint need only be "plausible on its face," as the Court finds it is here. *Ashcroft*, 556 U.S. at 678 (quotation omitted).

Distinguishing Plaintiff's case even further, the caricature targeting Plaintiff was then "widely disseminated" to his coworkers in text messages. (Doc. 1 ¶ 12). Although the caricatures in *Jones* and *Flowers* were visible publicly, those images did not clearly depict the plaintiffs. Here, in stark contrast, the image targeting Plaintiff was sent to the people that he worked with so that each person could witness the personalized racist humiliation. The Court finds that this compounding of the harassment through widespread publication advances Plaintiff's claim beyond the pleading stage. *See Woods*, 29 F.4th at 285 (finding that a single incident stated an actionable claim of hostile work environment where a supervisor called plaintiff a racial epithet in front of his fellow employees).

In sum, Plaintiff has adequately stated a hostile work environment claim. He has alleged facts to show that he is a member of a protected group, he suffered harassment due to his membership in that group,[2] the harassment affected a term or condition of his employment, and Defendant knew or should have known about the harassment and failed to take prompt remedial action. *See Hernandez*, 670 F.3d at 651. For these reasons, Defendant's Motion with respect to this claim will be denied.

### B. Plaintiff's State Law Claims

Plaintiff alleges two state law claims in addition to his claim under Title VII. First, he makes a negligence claim under La. Civ. Code art. 2315. This claim fails because Article 2315 "cannot serve as the basis for a cause of action that is derived

---

[2] The Court emphasizes that it is inconsequential that the caricature was allegedly created by another African American employee. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998) ("[I]t would be unwise to presume as a matter of law that human beings of one definable group will not discriminate against other members of their group.").

7

from employment discrimination." *See Jackson v. Country Club of Louisiana, Inc.*, No. CV 20-452-SDD-EWD, 2021 WL 261538, at *6–7 (M.D. La. Jan. 26, 2021) (citing *Roberson-King v. Louisiana Workforce Commission*, 904 F.3d 377 (5th Cir. 2018)). Plaintiff's negligence claim will accordingly be dismissed with prejudice.

Second, Plaintiff alleges a claim under the Louisiana Employment Discrimination Law, La. R.S. 23:332, which prohibits discrimination based on "cultural hairstyle," among other characteristics. The problem is that Plaintiff makes only the conclusory allegation that Defendant "was in violation of La. R.S. 23:332" for hairstyle discrimination but in no way alleges facts to support this statement. (Doc. 1 ¶ 19). For this reason, Plaintiff fails to state a claim for hairstyle discrimination. *See Beary v. Centene Corp.*, No. CV 20-9-JWD-SDJ, 2021 WL 3074198, at *2 (M.D. La. July 2, 2021), *report and recommendation adopted*, No. CV 20-9-JWD-SDJ, 2021 WL 3057403 (M.D. La. July 20, 2021) ("In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim.") (citing *Twombly*, 550 U.S. at 557). Because leave to amend should be "freely give[n] . . . when justice so requires," Plaintiff may seek leave to amend his complaint to allege facts supporting a claim under La. R.S. 23:332. *Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016) (citing Fed. R. Civ. Proc. 15(a)(2)).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant ExxonMobil Chemical Corporation's **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

**(Doc. 6)** be and is hereby **GRANTED IN PART**. Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, 1986, the U.S. Constitution, and La. Civ. Code arts. 2315, 2316, and 2320 be and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that in all other respects, Defendant's **Motion (Doc. 6)** be and is hereby **DENIED**. Plaintiff may proceed on his Title VII claim and may seek leave to amend his complaint to state facts supporting his claim under La. R.S. 23:332.

Baton Rouge, Louisiana, this 7th day of February, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**